IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| TERRENCE MCCOLLUM | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV587 |
| | ) | |
| UTZ QUALITY FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion for Partial Dismissal of Plaintiff's Amended Complaint [Doc. #13] filed by Defendant Utz Quality Foods, LLC ("Utz") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Terrence McCollum has responded in opposition to the motion [Doc. #16] and Defendant replied [Doc. #17]. Having considered the matter, the Court notes that Defendant seeks to dismiss only part of one of Plaintiff's claims, that discovery will therefore proceed as to the remaining claims in any event, that the matters are overlapping, that dismissal of the single claim would not narrow the scope of the suit in a way that would significantly affect discovery, and that the issues raised in the Motion to Dismiss are best resolved on dispositive motions after discovery is closed. Therefore, as further set out below, it is recommended that the Defendant's Motion for Partial Dismissal be denied at this time, without prejudice to Defendant raising its contentions on dispositive motions following the close of discovery.

I.  FACTS, CLAIMS, AND PROCEDURAL HISTORY

In this case, Plaintiff brings claims for race discrimination and retaliation in violation of 42 U.S.C. § 1981 and N.C.G.S. § 143-422.2. The Amended Complaint alleges the following facts. Plaintiff, a black male, was originally hired by Defendant as a route sales professional in December 2008 and was promoted to District Sales Manager in 2016. (Am. Compl. [Doc. #11] at 2.) Plaintiff alleges that in 2016, he expressed an interest in a Regional Sales Manager position but was told he was "not ready," and a white male was given the position instead. Plaintiff further alleges that in 2017, Mr. Bobby Ray Tyndall, Jr. became the Sales Operations Director, and that beginning in 2017, Defendant maintained a "practice of discriminating against [Plaintiff] and [creating] a hostile work environment for him and other black employees due to their race." (Id. at 4.) Plaintiff also alleges that Sales Operations Director Tyndall treated him differently than similarly-situated white co-workers by failing to provide him with the same benefits, terms, and conditions of employment. (Id. at 5.)

Plaintiff alleges that on April 8, 2019, Defendant announced that a white male co-worker was being promoted to Regional Sales Manager. (Id. at 3.) Plaintiff contends that he was qualified for the position, but that Defendant failed to follow its hiring protocol by posting information announcing that the position was vacant and accepting applications for the position. (Id.) Plaintiff alleges that it was primarily Sales Operations Director Tyndall's decision who to hire for the position of Regional Sales Manager. (Id. at 4.) Plaintiff spoke with his immediate supervisor Geoff Bradley and the director of human resources Tom Scholles to express his concerns about not receiving an opportunity to apply for the Regional Sales Manager position. (Id. at 3–4.)

2

On April 9, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated against because of his race when Defendant Utz failed to provide him with an opportunity to apply and be considered for the position of Regional Sales Manager, and instead placed a less qualified white male in the position. (Id. at 4.) Plaintiff alleges that on April 17, 2019, he met with Human Resources Director Scholles and Sales Operations Manager Tyndall to discuss the position. During the meeting HR Director Scholles "discussed the fact that Plaintiff had raised issues of discrimination in the workplace." (Id. at 5.) Mr. Scholles admitted that Utz "dropped the ball" with respect to the Regional Sales Manager position. (Id.) Mr. Scholles "also stated that the Plaintiff was the highest paid District Sales Manager" that Defendant employed and the he "should be happy with that." (Id. at 5.) In response, Plaintiff "complained that he was disappointed in the discriminatory manner in which he had been treated, as well as how unfairly other employees of color had been treated in the workplace as it pertained to hiring, termination and other benefits and conditions of employment." (Id. at 5.) During the meeting, Plaintiff told both HR Director Scholles and Sales Operations Manager Tyndall that "he believed that he, and other black employees, had been subjected to disparate treatment based on race with regard to the terms and conditions of employment." (Id. at 6.) Plaintiff requested copies of Defendant's employment policies related to job postings, a summary of the meeting, and policies regarding discrimination in the workplace.

Plaintiff further alleges that the next day, on April 18, 2019, HR Director Scholles informed him that his employment was being terminated because Defendant Utz felt it was best to "part ways" and offered him a severance agreement in exchange for, among other

3

things, his agreement not to sue the Defendant for discrimination and retaliation. Plaintiff refused to sign the agreement. (Id. at 6.)

Plaintiff alleges that Defendant Utz retaliated against him for complaining about race discrimination in the workplace, including his complaints of failure to promote him, disparate treatment, and a pattern and practice of discriminating against black employees generally. (Id. at 7.) He also alleges that he performed his job satisfactorily and did not receive any reprimands or complaints regarding his job performance and was not terminated until after he complained of race discrimination and disparate treatment in the workplace. (Id.)

On May 7, 2019, Plaintiff commenced a two-count action by filing a complaint in the Superior Court of North Carolina against Defendant for (1) retaliation against him for engaging in protected activity and for opposing practices made unlawful pursuant to N.C.G.S. § 143-422.2 and 42 U.S.C. § 1981 and (2) disparate treatment, failure to promote, and wrongfully termination due to race discrimination in violation of N.C.G.S. § 143-422.2 and 42 U.S.C. § 1981. On June 12, 2019, Defendant removed the case to this Court. On July 10, 2019, Defendant filed a Motion to Dismiss [Doc. #8] as to Plaintiff's claims of race discrimination, disparate treatment, and discriminatory failure to promote. Plaintiff then filed an Amended Complaint on July 31, 2019, rending the prior Motion to Dismiss moot. In his Amended Complaint, Plaintiff alleges three claims: (1) retaliation for engaging in protected activity and opposing unlawful practices in violation of 42 U.S.C. § 1981, (2) wrongful termination due to race discrimination in violation of N.C.G.S. 143-422.2, and (3) failure to promote and wrongful termination due to race discrimination in violation of 42 U.S.C. § 1981. (Am. Compl. at 10.) Defendant now moves to dismiss part of Plaintiff's third claim pursuant

4

to Federal Rule of Civil Procedure 12(b)(6), specifically the portion of Count Three alleging failure to promote due to race discrimination in violation of 42 U.S.C. § 1981.

II. DISCUSSION

A. Standard

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Supreme Court has noted that two working principles underlie this standard. First, on a Rule 12(b)(6) motion, the Court must accept the factual allegations presented in the complaint as true, but "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." Id. Second, the complaint must state a plausible claim for relief, and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

B. Failure to Promote Claim

Defendant moves to dismiss Plaintiff's claim for discriminatory failure to promote, based on Defendant's contention that Plaintiff's allegations fall short of the Twombly/Iqbal plausibility standard. In this case, Plaintiff asserts claims of race discrimination under 42

5

U.S.C. § 1981, which are subject to the burden-shifting framework developed in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). See <u>Guessous v. Fairview Prop. Invs., LLC</u>, 828 F.3d 208, 216 (4th Cir. 2016). Under this framework, in order to establish a prima facie case of failure to promote based on race, Plaintiff must establish that: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied for the position; (3) the plaintiff was qualified for the position; and (4) the plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. <u>Bryant v. Aiken Reg'l Med. Ctr.</u>, 333 F.3d 536, 544–45 (4th Cir. 2003). Once the Plaintiff has established a prima facie case, the employer may rebut that case by providing a legitimate, non-discriminatory reason for the decision, including, for example, by demonstrating that the person promoted was better qualified for the position. The burden then shifts back to the Plaintiff to show that the reason provided by the employer was pretextual. However, at the pleadings stage, the complaint must include only "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, an employee is not required to establish a prima facie case in order to survive a motion to dismiss, since <u>McDonnell Douglass</u> presents an evidentiary framework, not a pleading requirement. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002); see also <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d 342, 346 (4th Cir. 2005) ("The [Supreme] Court rejected the view that a plaintiff had to plead a prima facie case of discrimination under the evidentiary standard of <u>McDonnell Douglas Corp. v. Green</u> . . . to survive a 12(b)(6) motion to dismiss." (internal citation omitted)).

Here, Plaintiff alleges that he is a member of a protected class, that he was denied the opportunity to apply for the position, that he was qualified for the position, that a white co-worker was offered the position, and that he was more qualified for the position than the individual who was promoted.

Defendant contends that Plaintiff provides no factual allegations to support his conclusion that he was qualified for the position. (Def. Mem. [Doc. #14] at 6.) However, in his Amended Complaint, Plaintiff not only alleges that he was qualified for the position, but further alleges that he had served as District Sales Manager since 2016, had been commended for his dedicated work ethic, had received good performance evaluations, and had not received any reprimands or complaints about his job performance. (Am. Compl. at 7.) In addition, Plaintiff alleges that he was told that he was the highest paid District Sales Manager employed by Defendant Utz. (Id. at 5.) Moreover, in its Answer, Defendant admits that Plaintiff met the minimum qualification for the Regional Sales Manager position. (Ans. to Am. Compl. [Doc. #15] at 2.) Thus, at this stage of the litigation, there is a sufficient factual basis to support Plaintiff's assertion that he was qualified for the position.

Defendant also contends that Plaintiff did not plead any facts to show that he was more qualified than the individual who was promoted. However, as noted above, Plaintiff alleges that HR Director Scholles informed him that he was the highest paid District Sales Manager employed by Defendant, which raises at least an inference that he was more qualified than the other co-worker chosen for the promotion. Moreover, even at the summary judgment stage, the Fourth Circuit has held that a plaintiff making a failure to promote claim is not rigidly required to establish that he is "the better qualified candidate for the position sought", and

instead the consideration ultimately includes "the veracity of the reasons, annunciated by the employer, why the plaintiff did not receive the promotion." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005); see also Weaks v. North Carolina Dept. of Transp., 761 F. Supp. 2d 289, 300 (M.D.N.C. 2011) ("Thus, '[a] plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons.'" (quoting Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 259 (4th Cir.2006))).

Finally, Defendant argues that Plaintiff's pleading does not otherwise allege any facts to support an inference of discrimination. However, as discussed above, in the employment discrimination context, the Supreme Court has made clear that the McDonnell Douglas evidentiary standards are distinct from pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) ("[I]mposing [a] heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' . . . This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.") Defendant also cites to another case in this District, McKissick-Melton v. North Carolina Central University, 1:16CV605, 2016 WL 6806234 (M.D.N.C. Nov. 17, 2016), in which a failure to promote claim was dismissed under Rule 12(b)(6). However, as noted in that case, determining plausibility is a context-specific task.

In the present case, Plaintiff has plausibly alleged claims for race discrimination and retaliation, and Defendant has fair notice of the nature of the claims and the grounds on which they rest. Plaintiff alleges that since 2017, Sales Operations Director Tyndall has treated him differently than similarly-situated white co-workers by failing to provide him with the same benefits, terms, and conditions of employment, that Tyndall was responsible for making the promotion decision for Regional Sales Manager, and that Defendant selected a white employee without posting the position, contrary to policy and after Plaintiff had previously expressed an interest in a Regional Sales Manager position. Plaintiff alleges that the individual selected for the position was less qualified than Plaintiff, and Plaintiff also alleges that he was informed that he was the highest paid District Sales Manager, raising a factual inference to support his claim that he was more qualified than the individual who was promoted. Further, Plaintiff alleges that he specifically reported his concerns of race discrimination in the promotion decision and was terminated the next day. At his termination, which was only ten days after the promotion decision and one day after he raised complaints of race discrimination in the promotion decision, Defendant offered him a severance agreement in exchange for, among other things, his agreement not to sue the Defendant for discrimination and retaliation, which Plaintiff refused. To the extent there are issues regarding the nature of the alleged decision not to promote Plaintiff, those matters are best addressed on an evidentiary record at summary judgment. In this regard, the Court notes that discovery is underway and will proceed in any event as to Plaintiff's remaining race discrimination and retaliation claims, and all of those claims overlap with the discriminatory failure to promote claim. While additional facts may need to be developed through discovery, the Court concludes that there is no reason to dismiss

a portion of Count Three at this time, and all of the claims should be considered together after the close of discovery.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint [Do. #13] be denied, without prejudice to further consideration of these issues on dispositive motions after the close of discovery.

This, the 25th day of February, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge